UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-CV-12345-DPW

| | |
|---|---|
| VINCENZO NARDI,<br>    Plaintiff,<br><br>v.<br><br>THE KING & I SALES AND<br>DISTRIBUTION COMPANY, INC.,<br>STEPHEN M. KING, VILLAGE COSMETICS,<br>AND HENNING KREKE,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO FIRST AMENDED COMPLAINT

Defendants, The King & I Sales and Distribution Company, Inc., Stephen M. King, Village Cosmetics, and Henning Kreke (collectively hereinafter the "Defendants") hereby respond to the numbered paragraph of plaintiff's First Amended Complaint (the "Amended Complaint") as follows:

### FIRST DEFENSE

#### COUNT I
(False Advertising and Lanham Act, 15 USC §1125(a) and §43(a))

1.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2.  Admitted.

3. Admitted that defendants Henning Kreke and Village Cosmetics conduct business at the address stated. Otherwise, denied.

4. Admitted that defendants received correspondence from plaintiff's attorney. Furthering answering, admitted that copies of purported letters are attached to the Amended Complaint, which letters speak for themselves. Denied that the plaintiff has any actionable claims.

5. Defendants are without knowledge and information as to the allegations that "the late Jacqueline Kennedy Onassis used to have Mr. Nardi come to Washington, D.C. to maintain her hair," and that "Mr. Nardi has appeared numerous times on network T.V." Otherwise, the remaining allegations in paragraph 5 are denied.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 6. Admitted that defendant, King & I Sales and Distribution Company, Inc. has sold product to TJX Corporation of Natick, Massachusetts. Otherwise, defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in the second sentence of paragraph 6.

7. The first sentence of paragraph 7 is denied. Answering the second sentence of paragraph 7, admitted that copies of what purport to be photographs are attached to the Amended Complaint, which photographs speak for themselves. Further answering the second sentence of paragraph 7, Defendants admit that defendant, The King & I Sales and Distribution Company, Inc. has sold products supplied by defendant, Village Cosmetics in the United States to, among others, TJX Corporation. Otherwise denied.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth the allegations contained in the first sentence of paragraph 8. Insofar as those allegations are meant to imply that plaintiff met with Defendants or individuals employed by Defendants, said allegations are denied. Answering the second sentence of paragraph 8, Defendants are without knowledge or information sufficient to form a belief as to the state of plaintiff's mind. Further answering, Defendants deny trading on or benefiting from plaintiff's name or goodwill. Otherwise, Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in the second sentence of paragraph 8.

9. Denied.

10. Denied.

## COUNT II
### (Constructive Trust/Unjust Enrichment)

Defendants repeat and reaver their answers to paragraphs 1 through 10 of the Amended Complaint as if set forth herein.

11. Paragraph 11 of the Amended Complaint contains a request for relief to which plaintiff is not entitled. Otherwise, denied.

## COUNT III
### (G. L. Chapter 93A)

Defendants repeat and reaver their answers to paragraphs 1-11 of the Amended Complaint as if fully set forth herein.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## SECOND DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

Plaintiff's claims are barred for the doctrines of laches and estoppel.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## FIFTH DEFENSE

Plaintiff's claims are barred due to insufficiency of process and insufficiency of service of process.

## SIXTH DEFENSE

The accused products were branded under license, implied or otherwise.

## SEVENTH DEFENSE

Plaintiff's claims must be dismissed due to misnomer of one or more parties.

## EIGHTH DEFENSE

Plaintiff has not suffered any compensible harm.

## PRAYER FOR RELIEF

Wherefore, Defendants respectfully pray that this Court:

1. Enter judgment in their favor and dismiss the Amended Complaint with prejudice as to each of them;

2. Award Defendant's their attorney's fees and other expenses and costs incurred to obtain such judgment; and

3. Award such further relief as this Court deems just and appropriate.

Respectfully submitted,

*[signature]*

Gary W. Smith
BBO #550352
Posternak Blankstein & Lund LLP
800 Boylston Street
Boston, MA 02199
Tel. (617) 973-6277
Attorneys for Defendants

Date: November 12, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 11/12/04

*[signature] GWS*